IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| AQUIL RAHIM | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. L-12-371 |
| JENNIFER L. HASTINGS, State's Attorney | * | |
| Defendant | * | |

**MEMORANDUM**

Aquil Rahim ("Rahim") has filed a Complaint for "legal recourse" and damages against Jennifer L. Hastings, an Assistant State's Attorney, for allegedly failing to respond in a timely fashion to his request under the Maryland Public Information Act. The Court will grant Rahim's Motion to Proceed in Forma Pauperis for the purpose of preliminary review. After careful review of the Complaint, the Court will dismiss the Petition, without prejudice, for lack of jurisdiction.

Federal district courts are courts of limited jurisdiction: "[t]hey possess only that power authorized by Constitution and statute." Exxon Mobil Corporation v. Allapattah Services, Inc., 545 U.S. 546, 552 (2005). District courts must determine whether a valid basis for jurisdiction exists, "and dismiss the action if no such ground appears." In re: Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998); see also Fed. R. Civ. P. 12(h) (3) ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action").

There are two primary ways to assert federal jurisdiction: (1) raise a federal question; or (2) show diversity of citizenship of the parties. See 28 U.S.C. §§ 1331 & 1332. Rahim's claim is predicated solely on Maryland state law, and there is no claim of diversity of citizenship of the parties. Absent a federally cognizable claim for review, the Court must dismiss this case summarily for lack of jurisdiction. A separate Order follows.

April 30, 2012

/s/
_____
Benson Everett Legg
United States District Judge